```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                      SOUTH BEND DIVISION
```

REGINALD WILSON,              )
                              )
Petitioner,                   )
                              )
vs.                           )   CAUSE NO. 3:08-CV-345
                              )
SUPERINTENDENT,               )
                              )
Respondent.                   )

## OPINION AND ORDER

This matter is before the Court *sua sponte* on the Section 2254 Habeas Corpus Petition (DE #1) filed by Reginald Wilson, a *pro se* prisoner, on July 25, 2008. For the reasons set forth below, the Section 2254 Habeas Corpus Petition (DE #1) is **DISMISSED.**

BACKGROUND

Petitioner Reginald Wilson was found guilty of sexual assault in violation of A104 by the Indiana State Prison Disciplinary Hearing Body ("DHB") on August 6, 2007, in case number ISP 07-07-0371. As a result, he was deprived of 180 days of earned credit time.[1] After being denied relief by the Indiana Department

---

[1] Although Wilson notes that he was also placed in segregation for a year and labeled a sexual predator, habeas relief is only available for punishment which lengthens the duration of confinement. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Because neither his placement in segregation nor his classification status extended his sentence, he was not entitled to due process before those actions were taken. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995)

of Correction administrative appeals process, he brought this habeas corpus petition.

DISCUSSION

Wilson enumerates four grounds for seeking habeas relief, but he does not limit each numbered ground to a single issue nor does he confine each issue to a single ground. Nevertheless, rather than requiring Wilson to re-write his petition to separately present each of his commingled issues as a separate ground, the Court will merely address each one in the order in which it was first mentioned in the petition.

Wilson argues that he was denied the ability to call witnesses. The Screening Report on this charge (DE #1-2 at 3) shows that Wilson waived the presentation of witnesses. That form specifically cautioned him that, "Failure to request witness(es) or physical evidence may waive your right to have the witness' testimony or physical evidence presented/considered at your hearing." (DE #1-2 at 3.) Because he waived the presentation of witnesses, it was not a due process violation for the DHB to refuse to permit him to have witnesses. *See Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997) ("The law of this circuit does not entitle a prisoner to wait until the day of his hearing to request

---

("Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law.")

to call witnesses.") *abrogated on other grounds by White v. Indiana Parole Bd.*, 266 F.3d 759, 765-66 (7th Cir. 2001). Nevertheless, even though they were not required to do so, the DHB did receive statements from two of his witnesses: Sgt. McGinnis (DE #1-3 at 3) and Sgt. Boyan (DE #1-3 at 4).

Wilson argues that he was denied the opportunity to present evidence to the DHB. Some of the evidence he identifies was presented to the DHB even though he did not see it, some of the evidence did not exist, and most of the evidence he now identifies was waived. The evidence in the case file was received and considered by the DHB. (DE #1-2 at 4.) Although Wilson complains that he did not get to see the evidence in the case file, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Wilson wanted the DHB to consider surveillance video, but, even if he had requested this when he was screened, which he did not, the video recordings had already been deleted in the routine course of business by the time that Wilson was charged with this assault. (DE #1-3 at 1.) Also, Wilson wanted DNA testing performed, but an inmate is not constitutionally entitled to expert testing as a part of a disciplinary hearing. *Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("He intimates that he should be allowed to take a polygraph examination which addresses the question of

3

whether he participated in planning or furthering an escape. We hold that Freitas was not entitled to a polygraph examination on this issue.") So too with DNA testing. Finally, Wilson argues that he should have been allowed to present the results of his stress test, a recording of that test, and two witness statements. As previously discussed, he waived any witnesses. He also waived the other evidence as well because he did not timely request it. Therefore it was not a due process error for the DHB to not consider that evidence.

Wilson argues that he was not sufficiently informed of the charges against him. *Wolff v. McDonnell*, 418 U.S. 539 (1974) only requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged. The Report of Conduct, signed by Wilson, stated "On 6-5-07 offender Crane 169504 reported he had been sexually assaulted several times during the day." That statement alone provided him with adequate notice of the accusation against him.

Wilson argues that prison officials violated their own rules. Even if true, such violations are not a basis for relief because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

4

Wilson argues that he offered to pay for a polygraph test, but as with the DNA testing he requested, an inmate is not constitutionally entitled to expert testing as a part of a disciplinary hearing. *Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("He intimates that he should be allowed to take a polygraph examination which addresses the question of whether he participated in planning or furthering an escape. We hold that Freitas was not entitled to a polygraph examination on this issue.")

When "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . .." SECTION 2254 HABEAS CORPUS RULE 4.

CONCLUSION

For the reasons set forth above, the petition (DE #1) is **DISMISSED**.

**DATED: January 5, 2009**                /s/RUDY LOZANO, Judge
                                          United States District Court